JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFREDO ZAVALETA,<br><br>                Plaintiff,<br><br>    v.<br><br>LAYNE CHRISTENSEN COMPANY, *et al.*,<br><br>                Defendants. | Case No. 2:25-cv-06591-FLA (AGRx)<br><br>**ORDER REMANDING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION [DKT. 11]** |

**RULING**

On June 17, 2025, Plaintiff Alfredo Zavaleta ("Zavaleta" or "Plaintiff") filed the Complaint in this action in the Los Angeles County Superior Court, asserting claims against Defendant Layne Christensen Company ("Layne" or "Defendant") for: (1) discrimination in violation of California's Fair Housing and Employment Act ("FEHA"), Cal. Gov. Code § 12940, *et seq*.; (2) constructive wrongful termination; (3) violation of Cal. Labor Code § 1102.5(c); and (4) intentional infliction of emotional distress. Dkt. 1-2 at 5–15.[1]

On July 18, 2025, Defendant removed the action to this court, alleging diversity jurisdiction under 28 U.S.C. § 1332. Dkt. 1 ("NOR"). While Defendant acknowledges the Complaint does not state the amount sought by Plaintiff expressly, Defendant argues the amount in controversy exceeds $75,000, based on Plaintiff's claims for lost earnings, emotional distress, punitive damages, statutory penalties of $10,000 under Cal. Labor Code § 1102.5(f), and attorney's fees. *Id.* at 5–9.

On July 31, 2025, the court ordered the parties to show cause ("OSC") why the action should not be remanded for lack of subject matter jurisdiction due to an insufficient amount in controversy. Dkt. 11. Defendant filed its response to the OSC on August 14, 2025. Dkt. 12.

Having reviewed the Notice of Removal and Defendant's response to the OSC, the court finds Defendant fails to establish the court has subject matter jurisdiction and REMANDS this action to the Los Angeles County Superior Court.

**DISCUSSION**

Federal courts are courts of "limited jurisdiction," possessing "only that power authorized by the Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1. District courts are

---

[1] The court cites documents by the page numbers added by the CM/ECF system rather than any page numbers listed on the documents natively.

2

presumed to lack jurisdiction unless the contrary appears affirmatively from the record. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006). Additionally, federal courts have an obligation to examine jurisdiction sua sponte before proceeding to the merits of a case. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

Most commonly, federal courts have subject matter jurisdiction where: (1) an action arises under federal law (federal question jurisdiction), 28 U.S.C. § 1331; or (2) the amount in controversy exceeds $75,000, exclusive of interest and costs, and the citizenship of each plaintiff is diverse from that of each defendant (diversity jurisdiction), 28 U.S.C. § 1332(a). Except as otherwise provided by an act of Congress expressly, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[] may be removed by the defendant or the defendants" to the district court for the district and division where the action is pending. 28 U.S.C. § 1441.

A defendant's notice of removal must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). "[W]hen the plaintiff contests, or the court questions, the defendant's allegation," "both sides [must] submit proof," at which point "the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 88–89. Courts "strictly construe the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id*.

Defendant contends the amount in controversy exceeds the jurisdictional minimum of $75,000, and points to Plaintiff's requests for lost wages, attorney's fees, emotional distress damages, and punitive damages as evidence. Def. Resp. at 5. The

3

court will address each item of relief requested in turn.

### A. Lost Wages

Defendant notes Plaintiff seeks lost wages in the form of both front and back pay, and presents evidence Plaintiff had allegedly incurred approximately $14,000 in lost wages as of the date of removal. Dkt. 12 at 2; *see also* Dkt. 12-1 (Janz Decl.) ¶ 2. According to Defendant, "Plaintiff also seeks future economic damages, which—if he remains out of comparable work—could surpass six figures." Dkt. 12 at 2.

Many courts in this district have declined to project future lost wages beyond the date of removal. *See Ramirez v. Builder Servs. Grp., Inc.*, Case No. 5:22-cv-1571-JGB (KKx), 2023 WL 115561, at *4 (C.D. Cal. Jan. 5, 2023) (collecting cases). The court agrees with *Ramirez* and declines to project lost wages through the trial date in this action. Accordingly, the court will consider only Plaintiff's claim for lost wages as of the date of removal of $14,000, in determining the amount in controversy.

### B. Emotional Distress

To determine the amount of emotional distress damages in controversy, courts consider the amount of emotional distress damages awarded by juries in similar cases. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *Adkins v. J.B. Hunt Transp., Inc.*, 293 F. Supp. 3d 1140, 1146-47 (E.D. Cal. 2018). "While … jury verdicts in similar cases can provide evidence of the amount in controversy, the cases must be factually identical or, at a minimum, analogous to the case at issue." *See Mireles v. Wells Fargo Bank, N.A.,* 845 F. Supp. 2d 1034, 1055 (C.D. Cal. 2012).

Courts are not required to include emotional distress damages in the amount in controversy when the party asserting jurisdiction fails to provide evidence of jury awards from similar cases. *Aguilar v. Wells Fargo Bank, N.A.*, Case No. 5:15-cv-01833-AB (SPx), 2015 WL 6755199, at *6 (C.D. Cal. Nov. 4, 2015); *Rybalnik v. Williams Lea Inc.,* Case No. 2:12-cv-04070-ODW (AGRx), 2012 WL 4739957, at *3 (C.D. Cal. Oct. 4, 2012) ("[M]erely pointing to cases where juries have awarded hefty damages sums in the past without further explanation (by facts or evidence) how the

4

1 facts in those cases compare to the facts presented here is … insufficient to meet [the]
2 burden to establish the amount in controversy by a preponderance of the evidence.").

3       Defendant asserts Plaintiff's request for emotional distress alone could exceed
4 the jurisdictional minimum, because Plaintiff has characterized his distress as
5 "extreme" and "severe."  Dkt. 12 at 2.  Defendant does not present evidence of
6 Plaintiff's damages or identify any comparable cases where juries have awarded
7 specific damage awards for emotional distress, based on similar facts as pleaded in the
8 Complaint.  *See id.*  While Defendant argues this action "has similar fact[s] and
9 allegations" to *Sasha Elkins v. Automatic Data Processing, Inc.*, Case No. 5:21-cv-
10 00606-JGB (KKx) (C.D. Cal. 2023), Defendant does not identify any similarities
11 beyond that both actions involve allegations of age discrimination.  That an unrelated
12 plaintiff asserted the same legal claims as Plaintiff here is alone insufficient to
13 establish the two cases are comparable.

14       Defendant, thus, fails to meet its burden to establish any specific amount of
15 emotional distress damages should be included in the amount in controversy.  *See*
16 *Rybalnik*, 2012 WL 4739957, at *3.

17     **C.**    **Punitive Damages**

18     "[T]he mere possibility of a punitive damages award is insufficient to prove that
19 the amount in controversy requirement has been met."  *Ogden v. Dearborn Life Ins.*
20 *Co.*, 644 F. Supp. 3d 559, 564 (D. Ariz. 2022).  "Defendant must present appropriate
21 evidence, such as jury verdicts in analogous cases, to show that a claim for punitive
22 damages establishes that it is more likely than not that the amount in controversy
23 exceeds $75,000."  *Id.*  Accordingly, a removing defendant must "articulate why the
24 *particular facts* that are alleged in the instant action might warrant extraordinary
25 punitive damages."  *Id.* (emphasis in original) (quoting *Haisch v. Allstate Ins. Co.*,
26 942 F. Supp. 1245, 1249 (D. Ariz. 1996)).

27     Defendant notes Plaintiff seeks punitive damages in the Complaint, and that
28 such damages may be included in assessing the amount in controversy.  Dkt. 12 at 3.

As with Plaintiff's request for emotional distress damages, however, Defendant does not explain why any particular facts pleaded might warrant punitive damages if proven, or identify any comparable cases in which a specific amount of punitive damages was awarded based on similar facts as pleaded here. *See id.* Defendant, thus, fails to carry its burden to show that any specific amount of punitive damages is in controversy in this case. *See Ogden*, 644 F. Supp. 3d at 564.

### D.   Attorney's Fees

"[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). A removing defendant must "prove that the amount in controversy (including attorneys' fees) exceeds the jurisdictional threshold by a preponderance of the evidence," and must "make this showing with summary-judgment-type evidence." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 795 (9th Cir. 2018). "A district court may reject the defendant's attempts to include future attorneys' fees in the amount in controversy if the defendant fails to satisfy this burden of proof." *Id.*

Defendant argues "California courts routinely approve six-figure fee awards in FEHA cases," and notes the *Elkins* court awarded that plaintiff $253,837 in attorney's fees after trial. Dkt. 12 at 4. Defendant, thus, contends Plaintiff's claim for attorney's fees, alone, may be sufficient to place the amount in controversy over the jurisdictional minimum. *Id.*

California Government Code § 12965(c)(6) allows the court, in its discretion, to award the prevailing party of a FEHA action reasonable attorney's fees and costs. Defendant, however, fails to submit evidence or identify comparable attorney's fee awards in other factually similar actions, as required for the court to conclude it is more likely than not Plaintiff will recover attorney's fees if he prevails here. As stated, the mere fact that *Elkins* involved allegations of age discrimination is insufficient to establish it is a factually analogous action. Similarly, the court's

authority to exercise its discretion to award Plaintiff attorney's fees if he prevails is insufficient to demonstrate that such award is reasonably likely or should be included in the amount in controversy. Defendant, thus, fails to meet its burden to demonstrate that its estimate of Plaintiff's attorney's fees is not speculative, and the court will not include this estimate in its amount in controversy calculations.

## CONCLUSION

Given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court, *see Gaus*, 980 F.2d at 566, the court finds Defendant has not established by a preponderance of the evidence that the amount in controversy meets the jurisdictional minimum for diversity jurisdiction. *See* 28 U.S.C. § 1332. The court, therefore, REMANDS the action to the Los Angeles County Superior Court, Case No. 25STCV17498. All dates and deadlines in this court are VACATED. The clerk of the court shall close the action administratively.

IT IS SO ORDERED.

Dated: September 10, 2025

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge